UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANNY HARDIN,

    Plaintiff,

v.                                        Case No. 8:18-cv-84-T-AEP

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.
_____/

## **ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.    Procedural Background**

Plaintiff filed an application for a period of disability and DIB (Tr. 198). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 125-26). Plaintiff then requested an administrative hearing (Tr. 160-65). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 65-113). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 40). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 7). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**B. Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1970, claimed disability beginning September 24, 2012 (Tr. 29). Plaintiff obtained a high school education (Tr. 39). Plaintiff's past relevant work experience included work as an electronics engineer (Tr. 38). Plaintiff alleged disability due to depression, anxiety, ADD, narcolepsy, paranoia, C2-C5 compressed discs, spinal stenosis, leg problems, arthritis in back and neck, bone spurs in back, DDD, and asthma (Tr. 114-15).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through March 31, 2018 and had not engaged in substantial gainful activity since September 24, 2012, the alleged onset date (Tr. 28-29). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, depression, and anxiety (Tr. 29). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (*id.*). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform sedentary work except the claimant can lift and/or carry up to 10 pounds occasionally and less than 10 pounds frequently; sitting for six hours in an eight-hour workday, standing for four hours in an eight-hour workday, and walking is limited to two hours in an eight-hour workday; pushing or pulling is limited to the same limitations as lifting and carrying; foot controls are limited to occasionally bilaterally; reaching overhead is limited to occasionally bilaterally; the claimant can do occasional climbing of ramps and stairs but never ladders, ropes, or scaffolds; the claimant can do occasional stopping, kneeling, crouching, and crawling; the claimant can never be exposed to moving mechanical parts or unprotected heights; the claimant can operate a motor vehicle occasionally; claimant is limited to the performance of simple, routine, and repetitive tasks but not at a

production pace rate; and claimant can respond appropriately to the public on an occasional basis (Tr. 31). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 37).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform his past relevant work (Tr. 38). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a Lens Inserter, Audit Clerk, and Parts Inspector (Tr. 39). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 40).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R.

§§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ, in part, decides Plaintiff's claim pursuant to Regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These Regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment, but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the Regulations and are commonly referred to as "Grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a

rule, the rule is not conclusive as to an individual's disability, but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**III.**

Plaintiff argues that the ALJ erred by relying on the VE's testimony in the following ways: (1) finding that the RFC limitation to simple, routine, repetitive tasks is consistent with both the Dictionary of Occupational Titles ("DOT") description for the lens inserter and audit

5

clerk jobs, and a level three reasoning; and (2) finding that there are a significant number of jobs available in the national economy for the Plaintiff to perform. For the reasons that follow, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

### A. Conflict-of-Law

As an initial matter, Plaintiff contends that Seventh Circuit law should apply, as the administrative hearing was held in the Southern District of Indiana. While the Eleventh Circuit has not addressed this issue, the law of the judicial district in which a plaintiff brings an action of judicial review of a final decision of the Commissioner will apply, rather than the law of the district where the administrative hearing was held. *Martin-Johnson v. Colvin*, No. 3:14-CV-1331-J-MCR, 2016 WL 890084, at *2 (M.D. Fla. Mar. 9, 2016). In fact, "[a] comprehensive conflict-of-law analysis is required only if the case involves a 'true' conflict between the jurisdictions with an interest in the case." *Hatton v. Chrysler Canada, Inc.*, 937 F. Supp. 2d 1356, 1367 (M.D. Fla. 2013). As there is no true conflict between the Seventh and Eleventh Circuit on the issues before the Court, and Plaintiff brought the action here, the Court will apply Eleventh Circuit law.

### B. VE Testimony

At step five, the Commissioner must consider the assessment of the RFC combined with the claimant's age, education, and work experience to determine whether the claimant can make an adjustment to other work. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work, a finding of not disabled is warranted. *Phillips*, 357 F.3d at 1239. Conversely, if the claimant cannot make an adjustment to other work, a finding of disabled is warranted. *Id.* At this step, the burden temporarily shifts to the Commissioner to show other jobs exist in

significant numbers in the national economy which, given the claimant's impairments, the claimant can perform. *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). "The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson*, 284 F.3d at 1227 (citation omitted).

There are two avenues by which an ALJ may determine a claimant's ability to adjust to other work in the national economy; namely, by applying the Medical Vocational Guidelines ("Grids") or by the use of a VE. *Phillips*, 357 F.3d at 1239-40. Typically, where the claimant cannot perform a full range of work at a given level of exertion or where the claimant has non-exertional impairments that significantly limit basic work skills, the preferred method of demonstrating the claimant can perform other jobs is through the testimony of a VE. *Jones*, 190 F.3d at 1229. Indeed, exclusive reliance on the Grids is not appropriate under either of those circumstances. *Phillips*, 357 F.3d at 1242. For a VE's testimony to constitute substantial evidence, however, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. *Wilson*, 284 F.3d at 1227. Further, "SSR 00-4p imposes a duty on ALJs to identify and resolve apparent conflicts between DOT data and VE testimony, and this duty is not fulfilled simply by taking the VE at his word that his testimony comports with the DOT when the record reveals an apparent conflict between the VE's testimony and the DOT". *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362 (11th Cir. 2018). If the ALJ fails to fulfill this duty, the decision is not supported by substantial evidence. *Id.*

### a. DOT

Here, the VE identified three jobs available in significant numbers in the national economy that the Plaintiff could perform: lens inserter, audit clerk, and parts inspector (Tr. 39). As an initial matter, Plaintiff contends that there is an apparent conflict between an RFC

limitation to simple, routine, repetitive tasks, but not at a production pace rate, and jobs which require a conveyor belt or constant handling, fingering, and reaching. In relevant part, the DOT description for the lens inserter job requires fitting lenses into plastic sunglass frames and placing those frames on a *conveyor belt* (Tr. 108). When the ALJ inquired whether this job has a production pace requirement, the VE testified that there is no production pace requirement "in the way that this is generally performed in the national economy." *Id.* The VE testified similarly for the audit clerk job, which requires constant handling, reaching, and fingering, in that, despite a performance expectation, this job does not have a forced-pace production (Tr. 109). Though the DOT does not explicitly set forth a production rate requirement for either job, caselaw supports Plaintiff's argument as to the use of a conveyor belt translating to a production pace rate requirement. *See, e.g.*, *Rodriguez v. Astrue*, No. 5:11-CV-01087-RDP, 2012 WL 2862418, at *10 (N.D. Ala. July 6, 2012) (noting that working at a production rate includes "quota base, piecemeal rate or on a conveyor belt"); *Luterman v. Comm'r of Soc. Sec.*, 518 F. App'x 683, 687 (11th Cir. 2013) (allowing the inference that jobs using conveyor belts are production pace rate jobs).

The Plaintiff further argues that an RFC limitation to simple, routine, repetitive tasks is inconsistent with a level three reasoning, which the audit clerk job requires. A level three reasoning is defined as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form[, and d]eal with problems involving several concrete variables in or from standardized situations." DOT Vol. II at 1011, vol. 1 at 281. Though the Eleventh Circuit has not decided whether an RFC limitation to simple, routine, repetitive tasks is inconsistent or not with a level three reasoning, district courts are split. *See, e.g.*, *Estrada v. Barnhart*, 417 F. Supp. 2d 1299, 1304 (M.D. Fla. 2006) (reversing and remanding the ALJ's decision based on finding an unresolved conflict between the level

three reasoning jobs and the RFC limitation to simple, routine, repetitive tasks); *Fowler v. Commissioner of Social Security*, 2017 WL 9360889 (M.D. Fla. 2017) (holding that, even if there had been an inconsistency between the VE's testimony and the DOT, the ALJ properly relied on the VE's testimony). Nevertheless, even assuming *arguendo* that there was an inconsistency between the RFC limitation and the lens inserter and audit clerk job requirements that the ALJ should have identified and resolved, the Court finds the error harmless. *See Cooper v. Astrue*, 373 F. App'x 961, 962 (11th Cir. 2010) (*per curiam*) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)) (stating that an error may be harmless when it does not prejudice a claimant); *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (stating that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination"); *Phillips*, 357 F.3d at 1239 (holding that, if a claimant can make an adjustment to other work, a finding of not disabled is warranted). The ALJ identified other work available in significant numbers in the national economy that the Plaintiff could perform, namely, the parts inspector job (Tr. 39). Consequently, there is substantial evidence to support the ALJ's finding that the Plaintiff could adjust to other work available in significant numbers in the national economy, and that the Plaintiff is not disabled.

### C. Other Jobs

However, Plaintiff also contends that the ALJ erred because there is an apparent inconsistency between the number of parts inspector jobs available in the national economy and the number that the VE identified. Specifically, the Plaintiff argues that the VE identified 14,000 parts inspector jobs in the national economy, but that the number is unreliable because it is overinclusive (Tr. 104). In other words, Plaintiff does not argue that there are no parts inspector jobs available, just that there may not be as many as the VE testified to. Plaintiff initially argues that VE testimonies have varied from finding 2,500 to 649,130 parts inspector

jobs. Further, Plaintiff contends that the VE used an unreliable source to support their testimony. Nevertheless, an ALJ may properly rely on an "approximate percentage" of jobs that the VE testifies to. *Bryant v. Comm'r of Soc. Sec.*, 451 F. App'x 838, 839 (11th Cir. 2012). Further, the Eleventh Circuit has "never held a minimum numerical count of jobs must be identified in order to constitute work that 'exists in significant number' under the statute and regulations . . . however . . . the 'appropriate focus under the regulation is the national economy.'" *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 934–35 (11th Cir. 2015) (quoting *Allen v. Bowen,* 816 F.2d 600, 603 (11th Cir.1987)). Thus, while the ALJ bears the burden to identify jobs in the national economy that a plaintiff can perform, the ALJ need not identify a *certain number* of jobs for its decision to be supported by substantial evidence. *Id.* (finding that even 3,200 available jobs in the national economy is a significant number of jobs and that the ALJ's decision was supported by substantial evidence); *Wilson*, 284 F.3d at 1227. Thus, assuming *arguendo* that the lowest number of parts inspector jobs identified by a VE is more representative, i.e., 2,500 rather than 14,000, that would still constitute substantial evidence. Finally, the VE properly relied on the Occupational Employment Quarterly ("OEQ") (Tr. 110). *See, e.g.*, *Swincki v. Astrue*, No. 07-13596, 2009 WL 728544, at *19 (E.D. Mich. Mar. 19, 2009) (holding that, because the OEQ "is based on other government publications or data, of which the Agency generally takes administrative notice, the ALJ reasonably relied on the VE's testimony that was based on this resource.")

Even assuming *arguendo* that there was an inconsistency that the ALJ should have identified and resolved, the Court finds the ALJ's error harmless. Though the VE may have identified an overinclusive number here, Plaintiff's contentions still support a significant number of parts inspector jobs. Reversing and remanding this case to revise that numerical figure for a better approximation would end in the same determination—a finding that the

Plaintiff is not disabled. *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 (11th Cir. 2013) (declining to remand "for express findings when doing so would be a 'wasteful corrective exercise' in light of the evidence of record and when no further findings could be made that would alter the ALJ's decision"). Given that the ALJ identified work available in significant numbers in the national economy that the Plaintiff can perform, the Court finds that there is substantial evidence to support the ALJ's finding of not disabled. Accordingly, for the foregoing reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

### IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 26th day of February, 2019.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record